

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

Connecticut Financial Center        (203)821-3700
157 Church Street, 25th Floor       Fax (203) 773-5376
New Haven, Connecticut              www.justice.gov/usao/ct
06510

**April 11, 2023**

Moira L. Buckley, Esq.
Assistant Federal Defender
Federal Defender Office
10 Columbus Boulevard, 6th Floor
Hartford, CT 06106

> Re:   United States v. Justin McKenney
>        Case No. 3:23cr 64      (JAM)

Dear Attorney Buckley:

This letter confirms the plea agreement between your client, Justin McKenney (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## THE PLEA AND OFFENSE

In consideration for the benefits offered under this agreement, the defendant agrees to waive his right to be indicted and to plead guilty to a two-count information charging him with enticement of a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b), and receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1).

The defendant understands that, to be guilty of these offenses, the following essential elements must be satisfied:

### Count One:  Enticement of a Minor to Engage in Illegal Sexual Activity

1. The defendant knowingly used a facility or means of interstate commerce to persuade, induce, entice, or coerce an individual under the age of eighteen (18) to engage in sexual activity;

2. The individual was under the age of eighteen (18);

*Moira L. Buckley, Esq.*
*Page 2*

3. The defendant believed that the individual was under the age of eighteen (18); and

4. The defendant could have been charged with a criminal offense for engaging in the specified sexual activity, namely sexual assault in the second degree, in violation of Conn. Gen. Stat. § 53a-71(a)(1).

**Count Two:  Receipt of Child Pornography**

1. The defendant knowingly received child pornography, as defined in 18 U.S.C. § 2256(8);

2. The child pornography was received using any means or facility of interstate or foreign commerce or was shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

3. At the time of the receipt, the defendant knew it was child pornography.

## THE PENALTIES

Imprisonment

**Count One:**

This offense carries a maximum penalty of life imprisonment and a mandatory minimum penalty of ten years of imprisonment.

**Count Two:**

This offense carries a maximum penalty of 20 years of imprisonment and a mandatory minimum penalty of five years of imprisonment.

Supervised Release

In addition, the Court must impose a term of supervised release of at least 5 years and as much as life to begin after any term of imprisonment. 18 U.S.C. § 3583(k). Further, the defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to five years per revocation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release. However, if the defendant is required to register under the Sex Offender Registration and Notification Act, and violates a condition of supervised release by committing any felony offense in chapters 109A, 110, 117, or sections 1201 or 1591 of Title 18, United States Code, then the defendant may be required to serve a term of not less than five years of imprisonment. 18 U.S.C. § 3583(k).

*Moira L. Buckley, Esq.*
*Page 3*

In addition to the standard conditions of any supervised release, the defendant does not object to the Court ordering certain additional conditions, as set forth in the attached Rider: Additional Conditions of Supervised Release.

<u>Fine</u>

These offenses carry a maximum fine of $250,000. The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

<u>Special Assessment</u>

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction, for a total of $200. The defendant agrees to pay the special assessment to the Clerk of the Court on the day he is sentenced.

<u>Additional Assessments</u>

The defendant understands that he is subject to additional assessments under 18 U.S.C. § 2259A(a), which will be used to fund the Child Pornography Victims Reserve. *See* 18 U.S.C. § 2259B. Pursuant to 18 U.S.C. § 2259A(a)(2), the Court may impose an assessment of up to $25,000 on Count Two.

The defendant understands that in determining the assessment amount to impose under 18 U.S.C. § 2259A(a), the Court shall consider the factors set forth in sections 3553(a) and 3572. The assessment is payable immediately unless otherwise ordered by the Court. The defendant understands that any money received from the defendant shall be disbursed so that each of the following financial obligations is paid in full in the following sequence: (1) a special assessment under section 3013; (2) restitution to victims of any child pornography production or trafficking offense that the defendant committed; (3) an assessment under 18 U.S.C. § 2259A(a); (4) other orders under any other section of Title 18 of the United States Code; and (5) all other fines, penalties, costs, and other payments required under the sentence.

The defendant further is obligated by 18 U.S.C. § 3014 to pay an additional special assessment of $5,000, unless the Court finds that the defendant is indigent. The Government reserves its right to argue at sentencing that the defendant is not indigent. The parties agree that if the Court finds that the defendant is not indigent and imposes the additional special assessment, the additional special assessment is payable to the Clerk of the Court as soon as the defendant has satisfied all other court-ordered fines, orders of restitution, or any other court-ordered obligation related to victim-compensation arising from the counts on which this additional special assessment is based.

*Moira L. Buckley, Esq.*
*Page 4*

Restitution

In addition to the other penalties provided by law, the Court must order that the defendant make restitution under 18 U.S.C. § 2429 and § 2259, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 2429 and § 2259. The defendant agrees, pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A(a)(3), that restitution is payable to all victims of the defendant's criminal and relevant conduct, including that described in the attached stipulation of offense conduct, and not merely victims of the counts to which the defendant agrees to plead guilty. The defendant agrees to make such restitution to each victim for the "full amount of the victim's losses," as that term is defined in 18 U.S.C. § 2429 and § 2259.

The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (i) and § 3612(g). The forgoing interest, penalty, and fine provisions also apply to any assessments the Court imposes under 18 U.S.C. § 2259A.

Forfeiture

Pursuant to 18 U.S.C. §§ 2428(a) and 2253(a), the defendant agrees to forfeit to the United States his interest in the following property, which is listed in the Forfeiture Allegation of the Information: (1) a red Apple iPhone, associated with telephone number 719-666-1534, which was seized from the defendant on or about March 17, 2022 and (2) a silver iPad with serial number F9FZ26KUMF3M, which was seized from the defendant's residence on or about March 17, 2022.

The defendant acknowledges that the property described above is forfeitable as property used or intended to be used to commit or facilitate the commission of the offenses of the Information. The defendant agrees to waive all interests in this asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of an order of forfeiture for the forfeitable assets and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above listed assets covered by this agreement. The defendant further agrees to waive all constitutional and statutory

*Moira L. Buckley, Esq.*
*Page 5*

challenges in any manner to any forfeiture carried out in accordance with this plea agreement on any grounds.

The defendant agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines);

(2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

<u>Stipulation</u>

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

<u>Guideline Stipulation</u>

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

**Count One**: For Count One, the defendant's offense level is as follows:

| Count One – Minor Victim 1 | | |
|---|---|---|
| U.S.S.G. § 2G1.3(a)(3) | Base Offense Level | 28 |
| U.S.S.G. § 2G1.3(b)(2)(A) | Knowing misrepresentation of identify | +2 |
| U.S.S.G. § 2G1.3(b)(3)(A) | Use of a computer or an interactive computer service | +2 |
| U.S.S.G. § 2G1.3(b)(4)(A) | Offense involved the commission of a sex act or sexual contact | +2 |
| Offense Level: | | 34 |

**Count Two**: For Count Two, the cross-reference set forth in U.S.S.G. § 2G2.2(c) applies because the defendant's offense conduct involved causing or attempting to cause Minor Victims 2, 3, and 4 to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. Accordingly, the Guidelines require application of U.S.S.G. § 2G2.1 if the resulting offense level is greater than it would be under U.S.S.G. § 2G2.2. Since U.S.S.G. § 2G2.1 is the higher offense level, U.S.S.G. § 2G2.1 applies.

Moreover, because the offense in Count Two involved more than one minor victim, U.S.S.G. § 2G2.1(d)(1) instructs that the Guidelines be applied as if the defendant were convicted of a separate count for each individual minor.

Accordingly, for Count Two, the defendant's offense level for each minor victim is as follows:

| *Count Two – Minor Victim 2* | | |
|---|---|---|
| U.S.S.G. § 2G2.1(a) | Base Offense Level | 32 |
| U.S.S.G. § 2G2.1(b)(1)(B) | Minor Under 16 | +2 |
| U.S.S.G. § 2G2.1(b)(6)(A) and (B) | Knowing misrepresentation of identity and use of a computer or interactive computer service | +2 |
| Offense Level: | | 36 |

| *Count Two – Minor Victim 3* | | |
|---|---|---|
| U.S.S.G. § 2G2.1(a) | Base Offense Level | 32 |
| U.S.S.G. § 2G2.1(b)(1)(B) | Minor Under 16 | +2 |
| U.S.S.G. § 2G2.1(b)(6)(A) and (B) | Knowing misrepresentation of identity and use of a computer or interactive computer service | +2 |
| Offense Level: | | 36 |

| *Count Two – Minor Victim 4* | | |
|---|---|---|
| U.S.S.G. § 2G2.1(a) | Base Offense Level | 32 |
| U.S.S.G. § 2G2.1(b)(2)(A) | Commission of a sexual act or sexual contact | +2 |
| U.S.S.G. § 2G2.1(b)(6)(B)(i) | Use of a computer or interactive computer service | +2 |
| Offense Level: | | 36 |

Under U.S.S.G. § 3D1.2(d), Counts One and Two are excluded from grouping. Under U.S.S.G § 2G2.1(d)(1), the victims in Count Two are excluded from grouping. Accordingly, each victim is counted as one group, for a total of 4 groups.

As set forth above, the highest offense level for any group is 36. Because the defendant's offense conduct with respect to each of the four minor victims (in Count One and Count Two) is equally serious or one to four levels less serious than the highest offense level of 36, one unit is assessed for

*Moira L. Buckley, Esq.*
*Page 8*

each of the victims, for a total of four (4) units. U.S.S.G. § 3D1.4(a). As a result, four (4) additional levels are added to 36, for a combined adjusted offense level of 40. U.S.S.G. § 3D1.4.

Pursuant to U.S.S.G. § 4B1.5(b), five (5) levels are added because the offense of conviction is a covered sex crime and the defendant engaged in a pattern of activity involving prohibited sexual conduct on separate occasions. This results in an adjusted offense level of 45.

Three (3) levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 42.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level of 42, assuming a Criminal History Category I, would result in a range of 360 months to life imprisonment, *see* U.S.S.G. ch. 5, pt. A (sentencing table), and a fine range of $50,000 to $500,000 (U.S.S.G. § 5E1.2(c)(3)). In addition, the defendant may be sentenced to a term of supervised release of at least five (5) years and as much as life.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

<u>Information to the Court</u>

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## **WAIVER OF RIGHTS**

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

<u>Waiver of Right to Indictment</u>

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offenses set forth in the information before an indictment could be returned. The defendant acknowledges that he is waiving his right to be indicted.

<u>Waiver of Trial Rights and Consequences of Guilty Plea</u>

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

<u>Waiver of Statute of Limitations</u>

The defendant agrees that, should the conviction following the defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

<u>Waiver of Right to Challenge Conviction</u>

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims the defendant might raise, the defendant waives the right to challenge the conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the

statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

<u>Waiver of Right to Appeal or Collaterally Attack Sentence</u>

The parties reserve their respective rights to appeal and to oppose each other's appeal of the sentence imposed as permitted by 18 U.S.C. § 3742.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because the defendant is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and the defendant (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which the defendant is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which the defendant has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and, in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which the defendant is licensed, or with which the defendant does business, as well as any current or future employer of the fact of his conviction.

*Moira L. Buckley, Esq.*
*Page 11*

## SEX OFFENDER REGISTRATION

The defendant acknowledges that he has been advised and understands that he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the defendant's life. The defendant understands that pursuant to these requirements, he must register and keep the registration current in each of the following jurisdictions: where the defendant resides; where the defendant is an employee; and where the defendant is a student. The defendant understands that the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of the defendant's name, residence, employment, or student status. If the defendant resides in Connecticut following release from prison, he will be subject to the registration requirements of Conn. Gen. Stat. § 54-253. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

As a condition of supervised release, the defendant shall initially register with the state sex offender registration in Connecticut and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update the defendant's registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment. The defendant also must provide information required by the Sex Offender Registration and Notification Act relating to intended travel in foreign commerce, and must do so prior to engaging in, or attempting to engage in, such international travel in foreign commerce.

The defendant has been advised, and understands, that he will be subject to possible federal and state penalties for failure to comply with such sex offender notification requirements, including prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of the defendant's participation in the conduct which forms the basis of the information in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw the guilty plea.

Moira L. Buckley, Esq.
Page 12

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

NANCY V. GIFFORD
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____        4/11/23
JUSTIN MCKENNEY                  Date
The Defendant

I have thoroughly read, reviewed, and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____        4/11/23
MOIRA BUCKLEY, ESQ.              Date
Attorney for the Defendant

*Moira L. Buckley, Esq.*
*Page 13*

### STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to the information:

#### *Count One: Minor Victim 1*

On multiple occasions in and between September and October of 2021, the defendant, while in Connecticut, communicated with Minor Victim 1 (MV1) using his Apple iPhone and Snapchat, an internet-based social media application. At the time, the defendant was 27 years old and knew that MV1 was 13 years old. The defendant told MV1 that he was a junior in high school.

Throughout the relevant time period, the defendant used Snapchat to persuade, induce, entice, and coerce MV1 to meet him in person for illegal sexual activity. Between September and October 5, 2021, on four occasions, MV1 left her home and met the defendant at Naubuc Elementary School in Glastonbury. There, inside his car, the defendant and MV1 engaged in illegal sexual activity, including sexual intercourse.

Because of the defendant's and MV1's ages, the defendant's conduct was a violation of state criminal law, specifically, Conn. Gen. Stat. § 53a-71(a)(1), which provides that "[a] person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and … [s]uch other person is thirteen years of age or older but under sixteen years of age and the actor is more than three years older than such other person[.]"

#### *Count Two*

#### *Minor Victim 2*

Between on or about October 19, 2021 and February 18, 2022, the defendant, who was in Connecticut, used text messages, FaceTime, and Snapchat to entice Minor Victim 2 (MV2) to create and send sexually explicit images and videos to him. The defendant told MV2 his name was "Georgie" and that he was 16 years old. MV2 lived in Virginia and was 13 years old when she began communicating with the defendant, but she turned 14 years old before 2022. She told the defendant she was 14 years old.

The defendant and MV2 used Snapchat to exchange images and videos with each other. These exchanges included the defendant sending images of himself with his erect penis exposed, and MV2 creating and sending images and videos of herself in various stages of undress, including depictions of sexually explicit conduct as defined in 18 U.S.C. § 2256(2), including lascivious exhibition of the genitals.

On or about February 11, 2022, the defendant sent a message to MV2 inquiring if he could pay her for sexually explicit images of herself. MV2 responded by providing the name of a payment service application, as well as pricing information for various types of pictures and videos depicting sexually explicit conduct.

### Minor Victim 3

In and around October 2021 to February 2022, the defendant, who was in Connecticut, used Snapchat to entice Minor Victim 3 (MV3) to create and send sexually explicit images. At the time, MV3 was 15 years old and lived in Massachusetts. MV3 told the defendant her true age. The defendant refused to tell MV3 his age and falsely claimed to be from Chicopee, Massachusetts.

The defendant and MV3 used Snapchat to exchange messages, images, and videos with each other. They exchanged at least 48 messages, 81 pictures, and 23 videos, including images the defendant sent of himself and MV3 creating and sending images and videos of herself engaging in sexually explicit conduct as defined in 18 U.S.C. § 2256(2), including lascivious exhibition of the genitals.

### Minor Victim 4

The defendant met Minor Victim 4 (MV4) when she was 16 years old. The defendant was aware of her age and MV4 knew the defendant's true age. The two began conversing by text message and Snapchat.

In 2021, when MV4 was 17 years old, the defendant began a sexual relationship with her. He used Snapchat to request that MV4 produce and send him visual depictions of her engaging in sexually explicit conduct as defined in 18 U.S.C. § 2256(2). The defendant offered to pay MV4 money in exchange for these images.

From approximately December 2021 to February 2022, when MV4 was 17 years old, the defendant and MV4 exchanged nude images of themselves via Snapchat. During that same timeframe, the defendant used his Apple iPhone to produce four videos of MV4 performing oral-to-genital sexual intercourse on the defendant. The Apple iPhone is not manufactured in the United States and was mailed, shipped, or transported in or affecting interstate or foreign commerce.

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

JUSTIN MCKENNEY
The Defendant

NANCY V. GIFFORD
ASSISTANT UNITED STATES ATTORNEY

MOIRA L. BUCKLEY, ESQ.
Attorney for the Defendant

*Moira L. Buckley, Esq.*
*Page 15*

## RIDER CONCERNING RESTITUTION

Pursuant to 18 U.S.C. § 2259, the Court shall direct the defendant to pay the full amount of each victim's losses, including any costs incurred for:

(A)     medical services relating to physical, psychiatric, or psychological care;

(B)     physical and occupational therapy or rehabilitation;

(C)     necessary transportation, temporary housing, and child care expenses;

(D)     lost income;

(E)     reasonable attorneys' fees, as well as other costs incurred; and

(F)     any other relevant losses incurred by the victim.

Restitution is payable immediately unless ordered otherwise by the Court. The order of restitution must be a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution also may result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614. The Court also may order that the defendant give notice to any identifiable victim(s) of the offense under 18 U.S.C. § 3555. Finally, the order of restitution has the effect of a civil judgment against the defendant.

*Moira L. Buckley, Esq.*
*Page 16*

RIDER: ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1.  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. 16901, et seq.) and any state sex offender registration agency, in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

2.  The defendant shall participate in mental health treatment, with an emphasis on sex offender treatment, as approved by the United States Probation Office, and shall abide by the policies and procedures of the program, which may include polygraph testing. The defendant shall pay all or a portion of the costs associated with treatment based upon the defendant's ability to pay as determined by the Probation Office.

3.  The defendant shall submit to periodic polygraph testing at the discretion of the Probation Office as a means to ensure that the defendant is in compliance with the requirements of his supervision following the completion of a sex offender treatment program. The defendant shall pay all or a portion of the costs associated with testing based upon the defendant's ability to pay as determined by the Probation Office.

4.  The defendant shall not view, purchase, or possess any materials (including, but not limited to, pictures, photographs, books, writings, drawings, videos, or video games) depicting child pornography as defined in 18 U.S.C. § 2256(8).

5.  The defendant shall not have direct contact or knowingly communicate (including by telephone, text messaging, email, social media, mobile application, the Internet, or other electronic means) with any child the defendant knows or reasonably should know to be under the age of 18, without permission of the probation officer. The U.S. Probation Office, in consultation with appropriate child welfare agencies and/or treatment providers, and with the approval of the Court, will determine whether the defendant may have such contact with his own children or relatives.

6.  The defendant shall provide the U.S. Probation Office with access to any requested financial records, including but not limited to, telephone/cellular phone bills, and credit card statements. The purpose of this condition is to ensure that the defendant does not (i) purchase software, equipment, or services designed to block or circumvent the computer monitoring condition, or (ii) have contact with minors.

7.  The defendant shall avoid, and is prohibited from being in, any areas or locations where children under the age of 18 are likely to congregate, such as schools, daycare facilities, playgrounds, and theme parks, unless prior approval has been obtained from the U.S. Probation Office.

8.  The defendant shall not associate or have contact with anyone he knows or reasonably should know to be a convicted sex offender, or those identified as inappropriate by the U.S. Probation Office because of a connection to sexual abuse of minors or sexually explicit materials involving minors, except as part of an approved counseling program.

9. The defendant shall not be employed in any position or participate as a volunteer in any activity that involves contact with children under the age of 18, except as approved by the probation officer.

10. The defendant shall submit his person, residence, office, and vehicle to a search, conducted by a United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant shall warn any other residents of the premises or users of such vehicles that the premises and vehicles may be subject to searches pursuant to this condition.

11. The defendant shall submit all computers (as defined in 18 U.S.C. § 1030(e)(1)), mobile phones, other electronic communications or data storage devices, media cameras, drones, photographic equipment, and other Internet capable devices and related equipment (collectively, "electronic devices"), owned, controlled, or used by the defendant to a search, conducted by a United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant must warn any other users of such items that the items may be subject to searches pursuant to this condition.

12. The defendant shall permit the U.S. Probation Office to install monitoring software on any and all electronic devices owned, controlled, or used by the defendant, for the purpose of determining whether the defendant has been in contact with minors. The defendant shall pay all or a portion of the costs associated with such monitoring based upon the defendant's ability to pay, as determined by the U.S. Probation Office. The defendant shall not download, install, or utilize any application, software, or hardware that will prevent the U.S. Probation Office from monitoring such electronic devices. This includes, but is not limited to, encryption, anonymity, or invisible mode software or devices, or dark web Internet browsers.

13. To ensure compliance with the preceding monitoring condition, the defendant shall allow the U.S. Probation Office or its designee to conduct initial and periodic unannounced reviews of any and all electronic devices subject to monitoring for the purposes of determining whether (1) the device contains any prohibited data prior to the installation of the monitoring software; (2) the monitoring software is functioning effectively after its installation; and (3) there have been attempts to circumvent the monitoring software after its installation. The defendant must warn any other people who use these devices that the devices may be subject to review pursuant to this condition. The defendant shall allow the U.S. Probation Office to use such equipment as is necessary to determine the presence of an Internet/Wi-Fi connection.

14. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may, with the Court's approval, require the defendant to notify the person or organization about the risk and the defendant must comply with that instruction. The probation officer may contact the person or organization and confirm that the defendant has notified the person about the risk.

15. The defendant shall consent to third-party disclosure to any employer or potential employer with the Court's approval, and community service site, or other interested party, as determined by the Probation Office, of any computer-related restrictions that are imposed.

*Moira L. Buckley, Esq.*
*Page 18*

      16.     The defendant shall have no contact, direct or indirect, Minor Victims 1, 2, 3 or 4 or any of their family members by any means, including in person or by telephone, mail, facsimile, text messaging, email, chat rooms, instant messaging, over the Internet, through social media, or through any other form of electronic communication. The defendant shall permit the U.S. Probation Office to use monitoring software (described above) to determine whether the defendant has been in contact with Minor Victims 1, 2, 3 or 4 or any of their family members.